IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 FEB -7 A 9: 50
U.S. DISTRICT CLERK

| | |
|---|---|
| AL EVERITT BOYETT, JR. <br> PLAINTIFF <br> <br> V. <br> <br> ANTHONY CLARK, SHERIFF, ET AL., <br> PLAINTIFF | * <br> * <br> * <br> * CIVIL ACTION NO.2:05-CV-966-d <br> * <br> * <br> * |

AMENDED COMPLAINT

COMES NOW, AL EVERITT BOYETT, JR. PRO SE AND SHOWS THIS HONORABLE COURT WHY THIS AMENDED COMPLAINT SHOULD BE GRANTED AS FOLLOWS:

1) The Plaintiff was lawfully incarcerated at the Covington COUNTY JAIL FROM AUGUST 22, 2005 TO NOVEMBER 18, 2005. WHILE INCARCERATED BOYETTE SOUGHT TREATMENT FOR THE MEDICAL CONDITION OF HEPATITIS VIRUS C (HCV). HE FOUND OUT THAT HE CARRIED THE VIRUS FROM HIS PERSONAL PHYSICIAN DR.VYAS SHORTLY BEFORE ENTERING INCARCERATION.
    DR. VYAS GAVE HIN THE TEST RESULTS FROM LAB CORP A CLINICAL TESTING LAB IN BIRMINGHAM, AL. RUN BY DIRECTOR JOHN ELGIN, M.D., THE LAB REPORT INDICATED PAST OR PRESENT HCV INFECTION WITH A CONFIRM POSITIVE OF 95%. THE PLAINTIFF ASKS THIS COURT AT THIS TIME TO TAKE JUDICIAL NOTICE THAT IN FACT THE PLAINTIFF DOES CARRY THE HCV INFECTION DUE TO THIS LAB REPORT.(SEE ATTACHED EXHIBIT "A") THIS LAB IS RUN BY LICENCED PRACTICING PHYSICIANS OF THE STATE OF ALABAMA. THE TEST WAS ORDERED BY THE PLAINTIFF'S PERSONAL PHYSICIAN DR. VYAS OF ANDALUSIA AFTER THE PLAINTIFF REPORTED TO HIM HIS SYMPTOMS OF ILLNESS.
    THE TEST WAS ORDERED ON AUGUST 10, 2005 AND THE PLAINTIFF RECEIVED THIS LAB REPORT CONFIRMING HIS POSITIVE TEST RESULTS FOR HCV ON AUGUST 22,2005. THE DAY HE WAS ORDERED TO TURN HIMSELF IN TO THE COVINGTON SHERIFF'S DEPARTMENT.

HE IMMEDIATELY REPORTED THIS HCV INFECTION TO THE MEDICAL STAFF AT THE JAIL AND WHICH INCLUDED THE LAB CORP. REPORT TO THE DEFENDANTS SHERIFF ANTHONY CLARK, NURSE MITCHELL, AND DR. M.H. McWHORTER, III.

THE NURSE MITCHELL AND DR. McWHORTER TOLD THE PLAINTIFF THAT ANY TREATMENT FOR THE HCV INFECTION WOULD BE TO COSTLY AND NOT ADMINISTERED. THE PLAINTIFF WROTE A LETTER TO SHERIFF CLARK AND FILES A MEDICAL COMPLAINT WITH THE MEDICAL STAFF PROTESTING HIS NOT BEING TREATED ON AUGUST 30, 2005, TO NO AVAIL. ON NOVEMBER 4, 2004 THE PLAINTIFF FILED HIS 42 U.S.C. § 1983 COMPLAINT WITH THIS COURT AND WAS SHORTLY THERE AFTER TRANSFERED TO THE ALABAMA STATE PENITENIARY.

2)    HEPATITIS C IS A DISEASE CAUSED BY THE HEPATITIS C VIRUS (HCV), WHICH IS FOUND IN THE BLOOD OF PERSONS WHO HAVE THE DISEASE. THE PROPER TREATMENT AS ANY TRAINED MEDICAL DOCTOR WOULD OR SHOULD HAVE KNOWN WHEN FIRST DIAGNOSED WITH HCV IS TO ASSESS IF THE DISEASE HAS INFECTED THE LIVER.

THIS IS DONE BY A STANDARD BIOPSY WHERE A SMALL PIECE OF THE LIVER IS TAKEN AND FURTHER TESTS ARE DONE TO DETERMINE IF THE LIVER IS IN A ADVANCED ACUTE STAGE AND IF MEDICATIONS ARE NEEDED TO DESTROY THE VIRUS FROM FURTHER DAMAGING THE LIVER. THE PLAINTIFF JUST DISCOVERED SHORTLY BEFORE ENTERING PRISON THAT HE WAS INFECTED AND HAD NO TIME TO DO THIS WITH HIS PERSONAL PHYSICIAN BUT WAS ADVISED BY HIM THIS WAS THE PROPER PROCEDURE TO BE DONE NEXT.

AT THE COUNTY JAIL THIS MEDICAL PROCEDURE WAS NOT DONE, IN FACT THE PLAINTIFF'S REQUEST FOR MEDICAL HELP WAS TO BE TOLD THAT THE NEEDED TREATMENT WAS TO EXPENSIVE.

THE PROPER TREATMENT WHICH WAS TOLD THE PLAINTIFF BY HIS OWN PHYSICIAN WAS TO ADMINISTER INTERFERON WHICH PRODUCES A CELLULAR PROTEIN IN RESPONSE TO THE VIRUS AND ACTS TO INHIBIT GROWTH OF THE VIRUS AND TO ADMINISTER RIBAVIRIN WHICH IS A ANTI-VIRAL DRUG WHICH WHEN COMBINED WITH THE INTERFERON ACCORDING TO A REPORT BY THE FEDERAL CENTER FOR DISEASE CONTROL (CDC) RIDS 4 OUT 10 PATIENTS OF THE VIRUS COMPLETELY.

3)   § 14-6-19 CODE OF ALABAMA 1975 STATES " THE NECESSARY MEDICINES AND MEDICAL ATTENTION TO THOSE WHO ARE SICK OR INJURED WHEN THEY ARE UNABLE TO PROVIDE THEM FOR THEMSELVES".

AN INMATE MUST RELY ON PRISON AUTHORITIES TO TREAT HIS MEDICAL NEEDS, IN WORSE CASES, SUCH A FAILURE MAY ACTUALLY PRODUCE PHYSICAL TORTURE OF A LINGERING DEATH. IN LESS SERIOUS CASES DENIAL OF MEDICAL CARE MAY RESULT IN PAIN AND SUFFERING WHICH NO ONE SUGGESTS WOULD SERVE ANY PENOLOGICAL PURPOSE.

THIS IS TRUE WHETHER THE INDIFFERENCE IS MANIFEST BY THE PRISON DOCTORS IN THERE RESPONSE TO THE PRISONERS NEEDS OR BY PRISON GUARDS IN INTENTIONALLY DENYING OR DELAYING ACESS TO MEDICAL NEEDS. IN THIS CASE THE PLAINTIFF ASKED THE PRISON AUTHORITIES AND MEDICAL STAFF TO TREAT HIS SERIOUS MEDICAL NEED a HCV INFECTION. THERE RESPONES WAS THE TREATMENT WAS TO EXPENSIVE TO ADMINISTER TO HIM.

4) IN ORDER TO STATE A COGNIZABLE CLAIM, A PRISONER MUST ALLEGE ACTS OR OMISSIONS SUFFICIENTLY HARMFUL TO EVIDENCE DELIBERATE INDIFFERENCE. IN ORDER TO MEET THE BURDEN TO SHOW THIS WAS A VIOLATION OF HIS 8TH CONSTITUTIONAL AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISMENT AND NOT JUST MERE NEGLIGENCE OR MEDICAL MAL-PRACTICE. THE PLAINTIFF MUST SHOW THE TREATMENT HE RECEIVED FELL UNDER CRUEL AND UNUSUAL PUNISMENT.

THIS CASE WOULD FALL UNDER CRUEL AND UNUSUAL PUNISMENT AND NOT JUST MERE NEGLIGENCE OR MEDICAL MAL-PRACTICE, IN THAT, HE BROUGHT HIS MEDICAL NEEDS TO THE JAIL AUTHORITIES AND THE PLAINTIFF WOULD NOT BE SEEN BY THE MEDICAL STAFF EVEN AFTER REPEATED LETTERS OF COMPLAINT TO THE SHERIFF CLARK AND DR. McWORTHER. HE WAS TOLD THE TREATMENT WOULD BE TO EXPENSIVE.

THEY REFUSED TO TREAT HIM WITH PROPER MEDICATIONS OR CONFIRM THE LAB CORP REPORT THAT HE WAS A CARRIER OF THE H.C.V.

THE PLAINTIFF HAD A OBVIOUS NEED FOR REMEDIAL TREATMENT, THAT IS WHY HE WAS NOT SEEN BY THE MEDICAL STAFF OR HIS COMPLAINT FORM OR LETTERS TO THE SHERIFF  WERE NOT ANSWERED BACK.

THERE WAS SUFFICIENT EVIDENCE OF A SERIOUS MEDICAL NEED IN THE LAB REPORT THE PLAINTIFF GAVE THE PRISON AUTHORITIES THAT SHOWED HE WAS POSITIVE FOR H.C.V.

IF LEFT UNTREATED H.C.V. DEVELOPS INTO SUCH SEVERE DISEASES AS CIRRHOSIS AND CANCER OF THE LIVER. THE STATE HAS A CONSTITUTIONAL OBLIGATIOn TO PROVIDE ADEQUATE MEDICAL CARE TO THOSE WHOM IT HAS INCARCERATED. THE COURTS HAS CONSISTENTLY HELD THAT KNOWLEDGE OF THE NEED FOR MEDICAL CARE AND INTENTIONAL REFUSAL TO PROVIDE CARE CONSTITUTES DELIBERATE INDIFFERENCE SEE CARSWLL V. BAY COUNTY, 854 F. 2d 454, 457 (11th Cir.) SEE ALSO ANCATA V. PRISON HEALTH SERVICES 769 F.2d 700, 704 (11th Cir. 1985)

THE SUPREME COURT HAS HELD THAT 8TH AMENDMENT PROSCRIPTION AGAINST CRUEL AND UNUSUAL PUNISMENT DOES NOT PERMIT PRISON PERSONNEL TO SUBJECT AN INMATE TO "ACTS OR OMISSIONS SUFFICIENTLY HARMFUL TO EVIDENCE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS" ESTELLE V. GAMBLE , 429 U.S. AT 106, 97 S.Ct. AT 292

WHEN NEED FOR TREATMENT IS OBVIOUS, MEDICAL CARE FOR A PRISONER WHICH IS SO CURSORY AS TO AMOUNT TO NO TREATMENT AT ALL MAY AMOUNT TO DELIBERATE INDIFFERENCE. MANDEL V. DOE, *** 888F.2d. 783 (11th Cir. 1989).

5)   WHEN COVINGTON COUNTY JAIL REFUSED TO PROVIDE TREATMENT BECAUSE OF THE COST IT WAS THERE DUTY TO TRANSFER HIM WITHIN THREE DAYS TO A STATE FACILITY TO RECEIVE TREATMENT UNDER § 14-3-30 (B) CODE OF ALABAMA 1975. IT STATES "WHEN AN INMATE SENTENCEDTO THE CUSTODY OF THE DEPARTMENT AND THE DEPARTMENT IS IN RECEIPT OF A TRANSCRIPT OF SUCH SENTENCE IS HOUSED IN A COUNTY JAIL, AND THE INMATE DEVELOPS A MEDICAL CONDITION OR HAS BEEN DIAGNOSED AS HAVING A MEDICAL CONDITION, IN THE OPINION OF A PHYSICIAN LICENSED IN ALABAMA, WOULD REQUIRE TREATMENT OR A MEDICAL PROCEDURE OR BOTH, INVOLVING A COST OF MORE THAN TWO THOUSAND DOLLARS, THE INMATE SHALL BE TRANSFERRED WITHIN THREE DAYS TO A STATE OWNED OR OPERATED CORRECTIONAL FACILITY OR TO

THE PHYSICAL CUSTODY OF THE DEPARTMENT AS DETERMINED BY THE COMMISSIONER OF THE DEPT. OF CORRECTIONS. THE INMATE SHALL RECEIVE TREATMENT IN THE SAME MANNER AS OTHER STATE INMATES."

THE PLAINTIFF WAS DIAGNOSED BY HIS PERSONAL PHYSICIAN DR. VYAS AND HIS FINDING WAS CONFIRMED BY LABORTORY TESTS THAT THE PLAINTIFF HAD H.C.V. INFECTION.

6)  THE EVIDENCE INDICATES THAT THE SHERIFF AND MEDICAL STAFF EXHIBITED COMPLETE INDIFFERENCE TO BOYETT'S CONDITION WITH THERE UTTER LACK OF CONCERN FOR THE WELL BEING OF AN INMATE WITH WHOSE CARE THEY HAD BEEN ENTRUSTED, CONSTITUTES PERCISELY THE DELIBERATE INDIFFERENCE NOT TOLERATED BY THE cONSTITUTION. THE JAIL AND MEDICAL STAFF HAD A DUTY UNDER STATE STATUES AND U.S. CONSTITUTION LAW TO CARE FOR THE PLAINTIFF WITH HIS H.C.V. INFECTION.

THEY BREACHED THIS DUTY BY NOT ALLOWING HIM ANY TYPE OF TREATMENT DUE TO THE COST OF THE TREATMENT WHEN THEY KNEW A SERIOUS MEDICAL CONDITION WAS PRESENT. THIS TOtAL DELIBERATE INDIFFERENCE WAS ONLY COMPOUNDED BY THERE FAILURE TO TRANSFER HIM TO A STATE INSTITUTION IN THREE DAYS SO TREATMENT COULD BE SOUGHT THE MEDICAL STAFF SHOULD'VE ADMINISTERED POSSIBLY THE LIFE SAVING DRUGS INTERFERON AND RIBAVIRIN TO HALT THE VIRUS SDESTRUCTION OF HIS LIVER.

7)  THE COUNTY JAIL AND ITS MEDICAL STAFF ARE LIABLE UNDER § 1983 FOR DAMAGES DUE TO THERE DELIBERATE INDIFFERENCE OF THE PLAINTIFFS SERIOUS MEDICAL NEEDS. <u>MONELL V. DEPT. OF SOCIAL SERVICES</u> 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 L. Ed. 2d. 611 (1978) states in part "WHEN EXECUTION OF A GOVERNMENT'S POLICY OR CUSTOM WHETHER MADE BY ITS LAWMAKERS OR BY THOSE WHO'S EDICTS OR ACTS MAY FAIRLY BE SAID TO REPRESENT OFFICIAL POLICY, INFLICTS THE INJURY."

   BECAUSE SHERIFF CLARK AND THE MEDICAL STAFF WHERE THE DELEGATEED
FINAL POLICYMAKERS WITH RESPECT TO MEDICAL AFFAIRS THERE ACTS
OF DILIBERATE INDIFFERENCE ESTABLISHED LIABILITY. SHERIFF CLARK
THROUGH NOT ASSURING ADEQUATE MEDICAL ATTENTION WAS GIVEN TO
BOYETT AND NURSE MITCHELL AND DR. McWORTHER WHO REFUSED THE SERIOUS
LIFE THREATENING DISEASE OF H.C.V. BY NOT GIVING ANY TYPE OF
TREATMENT WHATSOEVER.


   WHEREFORE, THE PLAINTIFF PRAYS THIS HONORABLE COURT FIND
THAT THE DEFENDANTS DID IN FACT RENDER A DELIBERATE INDIFFERENCE
TO HIS SERIUUS MEDICAL NEED AND VIOLATED HIS U.S.C.A. 8 TO
CRUEL AND UNUSUAL PUNISMENT AND HOLD THE DEFENDANTS LIABILE
FOR DAMAGES.

                                    respectfully submitted,


          DONE THIS THE ___6th___ OF ___February___, 2006



                                    ___Al E Boyett___
                                    AL EVERITT BOYETT PRO SE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY AND AFFIRM THAT I HAVE SERVED A COPY OF THIS MOTION ON THE PARTIES LISTED BELOW IN THE U.S. MAIL FIRST CLASS POSTAGE AFFIXED THIS  6th  DAY OF February, 2006

*Al Boyett*
AL EVERITT BOYETT PRO SE
3800 FOUNTAIN
ATMORE, AL. 36503


ANTHONY CLARK, SHERIFF
COVINGTON COUNTY JAIL
290 HILLCREST DRIVE
ANDALUSIA, AL 36420

LANIER FORD SHAVER & PAYNE P.C.
200 WEST SIDE SQUARE, SUITE 5000
P.O. BOX 2087
HUNTSVILLE, ALA. 35804