IN THE UNITED STATE DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

AL EVERITT BoyeTT JR

  Plaintiff,

V.

ANTHONY CLARK, SHERIFF, et al,

  Defendants.

RECEIVED
2006 APR 10 A 11:30

* CIVIL ACTION:
* 2:05-CV-966-D
*
*

First Defense

Allegations of Statment of fact

1 They admit the allegations of paraph 1 2,3,4

2. Plaintiff deny's allegations of Paragraph 5, That Exhibit "A" of there Special Report and answer is a true and correct copy, No where is the grievance forms the Plaintiff filed in his amended complaint about his Hepatitis "C" infection included in the Medical file. Nurse Cain's Testimony should be stricken from the record as not being Competent, No where in here Sworn affidavit does it affirmatively show she is competent to testify.

3. Plaintiff admit's Paragraph 6 that Medical Screenin, Form noted Plaintiff had Hepatitis "C". They They deny all other allegations of Paragraph 6.

4 Plaintiff admits the allegations of Paragraph 7,8

5. Plaintiff ADMITS ~~Deny's~~ allegations of Paragraph 9

6. Plaintiff admits allegations of Paragraph 10,11

7. Plaintiff admits allegations of Paragraph 12, in that he was seen for ear infection and abdominal pain. Plaintiff allege that a discussion about his abdominal Pains and it's connection with his Hepatitis "c" and treatment for Hepatitis "c" not included.

8. They admit allegations of Paragraph 13.

9. They admit allegations of Paragraph 14 and allege that a discussion about the treatment for Hepatitis "c" too place.

10. They admit allegations of Paragraph 15,16

11. They admit the allegations of Paragraph 17, They deny the allegation that this was the first discussion with Dr. McWhorter of his Hepatitis "c" infection and a treatment plan for it.

12. They admit the allegations in Paragraph 18,19,20,21,22

13. They admit the allegation in Paragraph 23,24.

14. They deny the allegations in Paragraph 25,26,27.

In the plaintiffs Sworn affidavit he testify's that Repeatedly he was denied availble treatment that was well within the means of SHP and the Covington County Sheriff due to the Defendant's concern about the Cost of such treatment. Nurse Mitchell aff at #9 admits she was informed of Plaintiff's Hepatitis "c" infection at the Medical screening on intake at the Jail. But Stated he looked fine at time of intake" any well trained proffession knows that Hepatitis is deadly. The Best athlete's in the prime of there lives drop dead Suddenly from internal Diseases, who by a out ward appearance could look as a adonis.

Dr. McWhorter with his extensive medical Background should have known that a person who has a outward appearance of asymptomatic Hepatitus "C" could internally be close to death or that futher injury could be prevented by the admistration of the proper treatment. This physician even admits at Nurse Mitchell affat #231 Exhibit "A" at P.17 "The Plaintiff could get medical attention at his own cost" only until the Plaintiff wrote a grievance form did Dr McWhorter order at RNA test for HCV which showed positive for HCV. Nurse Dr McWhorter aff at #26.

The Plaintiff was flat out told if he wanted treatment for his HCV he could pay for it himself, after numerous complaints no medical attention what so ever was ever given to the Plaintiff even after a "RNA test for HCV" came back positive. The Plaintiff was in a serious risk of Harm and was entitled by Alabama State Statues, The United State Constitution to get the needed treatment to determine how far advanced this Deadly disease had progressed and if a treatment plan would halt the destruction of his liver. Dr. McWhorter a trained medical proffessional knew or should have known the life threatening dangers of the Plaintiffs even if he appeared asymptomatic and took the appropiate steps to insure the Plaintiffs health as is required by Alabama States Statues,

The U.S. Constitution to patients who are incarcerated. This court should deny the defendants Motion for Summary Judgment in that several Material facts exist between the Parties as let out in the Plaintiff amended complaint and answer to the Defendants Speacial Report and answer. a trial Jury should be granted in this matter

15. Plaintiff denys allegations in Paragraph 28 and will argue this point in response to defendants legal argument.

Second Defense

## Response To Legal Argument

(A)

1) The Plaintiff Did Exhaust All Available Administrative Remedies That Were Available To Him Before Filing His Lawsuit under 42 U.S.C. § 1983

2) The Plaintiff utilized The Covington County Jail Grievance Forms as shown By His Exhibits in His Amended Complaint.

3) He sent a inmate Grievance To Sheriff Clark notifying Him That He Had Hepatitis "C" and That SHP Would not treat His HCV infection.

4) He also Gave a Verbal Grievance To Nurse Mitchell and a Verbal Grievance To Dr. McWhorter only To Be Told That if He Wanted Treatment He should Get His own Physician At His own Expense. (Nurse Mitchell Aff. at #23)

5) The Plaintiff also Filed A Grievance Form with SHP Asking For Proper Medical Attention For His Confirmed HCV infection From SHP's ordered RNA Test.

6) To say The Plaintiff didn't Follow and exhaust All Available Remedies within The Covington County Jail, and SHP itself is Meritless and Moot.

7) The Plaintiff Didn't Have The means or opportunity To File A Grievance Through The State Board of Adjustment due To The Negligence of The Covington County Jail itself.

8.) At The Jail The inmates Are Allowed one Hour of "Law Library" Time Per Week. This one Hour is Allowed if There Are No shortage of Guards or other security Barriers.

9) THE LAW LIBRARY ITSELF IS OUTDATED IN LAW BOOKS AND MOST IMPORTANTLY IN THIS ISSUE AT HAND, THE PRESENCE OF A STATE OF ALABAMA GOVERNMENT DIRECTORY WITH THE ADDRESSES OF ITS STATE AGENCIES. THE PLAINTIFF WAS DENIED THE STATE ADJUSTERS ADDRESS BY THE LAW LIBRARY NOT BEING ADEQUATELY KEPT WITH THE NEEDED MATERIALS.

10) THERE ARE NO JAIL OFFICIALS ASSIGNED TO HELP INMATES IN ANY WAY WHATSOEVER, IN THE LAW LIBRARY AT ANY TIME.

11) THE PLAINTIFF WITH WHAT WAS GIVEN HIM TO COMPLETE THE EXHAUSTION OF HIS REMEDIES BY JAIL OFFICIALS COMPLETED THAT TASK AND FILED HIS LAWSUIT TO PROTECT HIMSELF FROM THE HEPATITIS "C" INFECTION IN HIS BODY AND PROTECT HIM-SELF IN CASE OF A ADVANCED STAGE WAS PRESENT OF THE DISEASE. THE PLAINTIFF SHOULD NOT BE HELD LIABLE WHEN HE COMPLETED ALL REMEDIES THAT WERE MADE AVAILABLE IN A LOCK DOWN COUNTY JAIL SETTING.

Ⓑ

1) THE DEFENDANTS CORRECTLY STATE THAT SHP HAS NO QUALIFIED IMMUNITY, SHP PERSONNEL DID DIRECTLY VIOLATE THE PLAINTIFFS CONSTITUTIONAL RIGHTS BY KNOWING THROUGH A TEST THEY ORDERED (THE RNA TEST) THAT HE DID HAVE A POSITIVE HCU INFECTION THEN REFUSING HIM ANY TYPE OF TREATMENT. THERE ONLY TREATMENT PLAN WAS TO BE TOLD "TO GET YOUR OWN PHYSICIAN AT YOUR EXPENSE"

2) THE PLAINTIFF HAS A HEAVY BURDEN TO PROVE A CONSTITUTIONAL VIOLATION OF HIS RIGHTS. IF THE BURDEN OF MEDICAL TREATMENT THAT IS CONSTITUTIONALLY PROTECTED FOR A PRISONER IS FORCED UPON THAT PRISON AS WAS THIS CASE BY DR. WHORTER'S ADMITTED STATEMENT OF "GET YOUR OWN PHYSICIAN AT YOUR EXPENSE" THEN THE CONSTITUTION OF THE UNITED STATES IS MEANINGLESS AND UNENFORCEABLE.

3) Hepatitis "C" is a deadly disease which can lead to cirrosis of the liver and liver cancer. Even if a person looks asymtomatic, he could be in a stage of the disease's progress which if left untreated could be fatal.

4) Dr. McWhorter knew or should've known this with his medical background and training and not made the statements he made to the Plaintiff of "Get your own physicion at your expense"

5) The Plaintiff let it be known he had no money for a private physician and Dr. McWhorter, and Nurse Mitchell under the respondeat superior doctrine must make SHP liable.

© 1) The Plaintiff contends that his non-treatment of his Hepatitus "C" at the Covington County Jail amounts to a deliberate indifference to his serious medical condition.

He was diagnosed with the HCV infection from there own RNA test. HCV infection is a deadly disease. Dr. McWhorter should've taken the necessary steps to assure that his infection was in its early stages and not in a stage which if left untreated could've threatened his life.

In Estelle v. Gamble 429 U.S. at 106 it states "When need for treatment is obvious, medical care for a prisoner which is so cursory as to amount to no treatment at all may amount to indifference"

No treatment was offered when the positive result came back, the Plaintiff was indigent and told medical personel this, but still was told to get his own medical care at his own expense.

2) THE QUESTION THIS COURT MUST DECIDE IS CAN A PHYSICIAN Just say A PRISONER LOOKS ASYPTOMATIC WHEN HE KNOWS THAT A DEADLY DISEASE IS IN HIS BODY, CONFIRMED BY HIS OWN RNA TEST.

THEN TELL A PRISONER WHO BY LAW AND IS INDIGENT HE MUST PAY FOR HIS OWN TREATMENT EVEN IF THE LAW CLEARLY STATES HE HAS A RIGHT TO MEDICAL CARE.

THE PLAINTIFF AVERS DR. MCWHORTER CROSSED THE LINE OF deliberate indifference.

3) THE REST OF THE DEFENDANTS ISSUES IN THERE LEGAL ARGUMENT WHERE ADDRESSED ADEQUATELY IN THE PLAINTIFFS AMENDED COMPLAINT, AND TO SAVE THE COURT TIME WILL NOT READDRESS THEM

## ANSWER TO THE DEFENDANTS SUPPLEMENT TO SPECIAL REPORT BY SHERIFF CLARK AND KEVIN SMITH

THE DEFENDANTS ISSUES IN THERE SUPPLEMENT TO SPECIAL REPORT RUN PARALLEL TO DR. MCWHORTERS SPECIAL REPORT AND ANSWER

THE PLAINTIFF HAS ADEQUATELY ADDRESSED THESE SAME ISSUES IN HIS ANSWER TO DR. MCWHORTERS SPECIAL REPORT AND IN THE PLAINTIFFS AMENDED COMPLAINT. THE PLAINTIFF WILL ASK THIS COURT TO VIEW HIS ANSWER TO DR. MCWHORTERS SPECIAL REPORT ALSO HAS THE PLAINTIFFS ANSWER TO SHERIFF CLARK

WHEREFORE, THE PLAINTIFF PRAYS THIS HONORABLE COURT VIEW THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE NON-MOVANT AND DENY DR. McWHORTER, NURSE MITCHELL, SHP, AND SHERIFF CLARK'S MOTION FOR A SUMMARY JUDGMENT.

RESPECTFULLY SUBMITTED THIS ___5th___ DAY OF April 2006.

_Al E Boyett_

AL EVERITT BOYETT

CERTIFICATE OF SERVICE

I HEREBY AFFIRM I HAVE SENT A COPY OF THESE PLEADINGS TO THE BELOW LISTED PARTIES IN THE U.S. MAIL ON THIS THE ___5th___ DAY OF ___April___, 2006

_Al E Boyett_

AL EVERITT BOYETT
3800 FOUNTAIN
ATMORE, AL 36503

WEBB & ELEY, P.C.
PO BOX 240909
MONTGOMERY, AL 36124

LANIER, FORD, SHAVER, & PAYNE P.C.
P.O. BOX 2087
HUNTSVILLE, ALA. 35804