IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AL EVERITT BOYETT, JR., # 242728, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO. 2:05cv966-ID |
| | ) | (WO) |
| ANTHONY CLARK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Al Everitt Boyett, Jr., ("Boyett"), a former inmate, claims his civil rights were violated during his incarceration in the Covington County Jail. He names as defendants Anthony Clark ("Clark"), Sheriff of Covington County; Kevin Smith ("Smith"), former Interim Jail Administrator of the Covington County Jail; Dr. Millard McWhorter ("Dr. McWhorter"), Medical Director of the Covington County Jail; Jamie Mitchell ("Mitchell"), Medical Team Administrator; and Southern Health Partners, Inc. Specifically, Boyett contends that the defendants acted with deliberate indifference to his health by failing to provide him adequate medical treatment for Hepatitis C.

The defendants filed written reports and supporting evidentiary materials addressing Boyett's claim for relief. (Doc. Nos. 12, 26, & 28.) The court deems it appropriate to treat these responsive pleadings as motions for summary judgment. Upon consideration of such motions, the evidentiary materials filed in support thereof, and the response in opposition

filed by Boyett, the court concludes that the defendants' motions for summary judgment should be granted.

**I. FACTS**

Boyett was afflicted with both health and legal problems in 2005. On May 3, 2005, Boyett was incarcerated in the Covington County Jail on charges of third-degree domestic violence. (Doc. No. 12, Defs' Ex. A, Part 2.) On a medical screening form, a jail official noted that Boyett reported using needles and engaging in sexual contact and that he may have been exposed to hepatitis or another communicable disease. (Doc. No. 26, Attach. to Cain's Affid.) Boyett did not remain in jail for long, but he was not free for long either.

On June 7, 2005, Boyett returned to the Covington County Jail. (Doc. No. 12, Defs' Ex. A, Part 2.) During a medical screening, a jail official noted that Boyett "appear[ed] fine at time of intake" even though he reported exposure to the Hepatitis C virus. (Doc. No. 26, Attach. to Cain's Affid.) On several occasions in June 2005 while he was in jail, medical personnel treated Boyett for an ear infection and other medical problems. (*Id*.) On July 6, 2005, Boyett was released from jail. (Doc. No. 12, Defs' Ex. A, Part 2.)

On or about August 10, 2005, Boyett went to his general practitioner's office. (Doc. No. 19, Pl's Ex. A.) Dr. Vijay C. Vyas conducted tests to determine whether Boyett was

infected with the Hepatitis C virus. (*Id*.) On or around August 15, 2005,[1] Boyett received the unfortunate news that he suffered from "past or present HCV infection." (Doc. No. 19, p. 1; Pl's Ex. A.) Later that day, Boyett once again was incarcerated in the Covington County Jail on charges of possession of marijuana and driving under the influence.

On August 17, 2005, during treatment for a hand injury, Boyett informed Dr. McWhorter that he suffered from Hepatitis C. (Doc. No. 26, Attach. to Cain's Affid.) On August 25, 2005, Nurse Patsy Colvin interviewed Boyett about his medical history. (*Id*.) Boyett reported to the nurse that he suffered from the Hepatitis C virus. (*Id*.) On August 30, 2005, Boyett sent a letter to Clark, complaining that Mitchell refused to examine sores on his hip and that he had "problems" with Dr. McWhorter concerning his Hepatitis C infection. (Doc. No. 12, Ex. A. Part 2.) On several occasions in September, October, and November 2005, Boyett received treatment for sores or boils on his legs, buttocks, and genital area. (Doc. No. 26, Attach. to Cain's Affid.)

On September 7, 2005, Dr. McWhorter conducted an examination and advised Boyett of his opinion that treatment for Hepatitis C was not necessary, but that he could see his own

---

[1] In his amendment to the complaint, Boyett alleges that he received the test results and entered the Covington County Jail on the same day. (Doc. No. 19, p. 1.) Although Boyett states that he entered the jail on August 22, 2005, medical records demonstrate that he was booked on August 15, 2005, and that Dr. McWhorter authorized x-rays of Boyett's hand on August 16, 2005. (Doc. No. 26, Attach. to Cain's Affid.) In addition, Boyett's own evidentiary materials indicate that the results of testing for Hepatitis C were reported on August 11, 2005. (Doc. No. 19, Pl's Ex. A.) Thus, for purposes of this Recommendation, the court assumes that Boyett received the test results and entered the jail on or around August 15, 2005.

physician at his own expense. (*Id.*) In addition, Dr. McWhorter and Mitchell told Boyett that treatment for the infection was too costly and would not be administered. (Doc. No. 19, p. 2.)

On October 4, 2005, Boyett filed this lawsuit. Shortly afterward, Boyett submitted an inmate request form requesting that Dr. McWhorter administer an "RNA test for HCV." (Doc. No. 26, Attach. to Cain's Affid.) Dr. McWhorter granted Boyett's request and testing confirmed that Boyett was infected with the Hepatitis C virus. (*Id.*)

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence supporting his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before

the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III. DISCUSSION[2]

Boyett asserts that the defendants acted with deliberate indifference to his health by failing to provide adequate medical treatment for Hepatitis C. Specifically, he contends that the medical defendants should have taken a biopsy to determine whether the Hepatitis C virus had infected his liver. (Doc. No. 19, p. 2.) In addition, Boyett asserts that Dr. McWhorter

---

[2]The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, even if the process is futile or inadequate. *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir.2000). This mandatory exhaustion requirement applies "irrespective of the forms of relief sought and offered through the administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). In *Boxer X v. Harris*, 437 F.3d 1107, 1110 n.2 (11th Cir. 2006), the court noted that as a prudential matter a district court should first consider whether the PLRA bars a prisoner's case before rendering a decision on the merits. In this case, the defendants argue that Boyett failed to exhaust his administrative remedies. However, the special report of the medical defendants (doc. # 26 at p. 7) indicates that Boyett indeed did file a grievance which led to testing him for Hepatitis C. Under the circumstances, the court concludes that Boyette met the PLRA requirements.

5

should have administered a combination of Interferon and Ribavirin to eradicate the virus.[3] He also asseverates that Clark failed to respond to his complaints regarding the medical staff's refusal to treat him for Hepatitis C. The defendants deny that they acted with deliberate indifference to Crawford's health and assert that he was provided sufficient medical treatment during his incarceration in the Covington County Jail.

To prevail in a suit based on an Eighth Amendment claim about medical attention, an inmate must show at a minimum that jail or medical officials have acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). Because society does not expect that inmates will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A jail or medical official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

---

[3] Boyett alleges that the Center for Disease Control reports that this combination of drugs will "rid 4 out [of] 10 patients of the virus completely." (Doc. No. 19, p. 2.)

*Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, a jail or medical official does not act with indifference by providing medical care that is different from that which an inmate desires. *See Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

A claim about a failure to provide immediate or emergency medical attention must involve medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176 (11th Cir. 1994). In contrast, delay or even denial of medical treatment for superficial, non-serious physical conditions does not constitute an Eighth Amendment violation. *Id.*

> The "seriousness" of an inmate's medical needs also may be decided by reference to the effect of delay in treatment.... Where the delay results in an inmate's suffering "a life-long handicap or permanent loss, the medical need is considered serious." ... An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir.1994) (emphasis added). Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Hill*, 40 F.3d at 1188-89.

The court concludes that Boyett has failed to demonstrate a genuine issue of material

fact about whether the defendants acted with deliberate indifference to his health during his incarceration in the Covington County Jail. Although Boyett asserts that the defendants should have provided him treatment for Hepatitis C infection by conducting further testing and providing him a certain combination of medications, it was Dr. McWhorter's opinion that treatment for the virus was not necessary because Boyett was asymptomatic. (Doc. No. 26, McWhorter's Affid., p. 6.) The mere fact that Boyett desired but was not given a particular medical treatment does not amount to deliberate indifference. *See Hamm*, *supra*. In addition, Boyett fails to come forward with any evidence that the medical defendants' failure to take a biopsy or administer medication caused his infection to worsen. At best, the court has only Boyett's unschooled opinion about his condition. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Although the court must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation, a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990)(A pro se litigant's allegation of contaminated drinking water found unsubstantiated and completely speculative because the litigant failed to submit a doctor's diagnosis for any medical

8

examination evidence supporting those allegations). The court therefore concludes that Boyett has failed to create a genuine issue about whether the defendants in any way disregarded a substantial risk to his health by denying or delaying adequate medical treatment for his Hepatitis C infection. Consequently, the defendants' motion for summary judgment with respect to this deliberate indifference claim should be granted.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motions for summary judgment be GRANTED. (Doc. Nos. 12 & 26.)

2. This case be dismissed with prejudice.

3. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before September 11, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of August, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE